**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3697
_____

GWENDOLYN WILSON,
                                    Appellant

v.

HILLSBOROUGH TOWNSHIP CONSTRUCTION DEPARTMENT;
HILLSBOROUGH TOWNSHIP BUILDING DEPARTMENT;
HILLSBOROUGH TOWNSHIP TAX ASSESSOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:17-cv-00995)
District Judge: Freda L. Wolfson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 23, 2019
Before: CHAGARES, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 1, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Gwendolyn Wilson, proceeding in forma pauperis, appeals from the District Court's dismissal of her claims pursuant to 42 U.S.C. § 1983 and the Fair Housing Act ("FHA") against the Hillsborough Township Construction/Building Department and the Hillsborough Township Tax Assessor. For the reasons that follow, we will summarily affirm the District Court's judgment.

I

In 2017, Wilson filed a complaint in the District Court, alleging that her rights were violated by defendants over the course of nearly 20 years. In her amended complaint, Wilson claimed that defendants discriminated against her because of her race in the course of inspecting and licensing construction work in a home she purchased in Hillsborough Township, New Jersey, in 1996, and in assessing the value of that property. Specifically, Wilson maintained that the Hillsborough Township Construction/Building Department failed to inspect work completed in her home but approved the work nonetheless in 1999.

Wilson also contended that she had her roof replaced in 2006 and that the roof failed an inspection by the Hillsborough Township Construction/Building Department later that year, but that she was not informed of the failed inspection until 2015. She alleged that the Hillsborough Township Tax Assessor somehow over-valued her property in its tax assessments and under-valued the property improvements of her neighbors. Finally, Wilson alleged that the Hillsborough Township Construction/Building Department erroneously issued a permit to her in 2016. Wilson maintained that the

2

above actions occurred because she is an African-American homeowner in a predominantly white neighborhood.

Wilson brought claims pursuant to § 1983 and the FHA against defendants. On defendants' motion, the District Court dismissed Wilson's amended complaint and granted her leave to amend some of her claims.[1] Rather than filing an amended complaint, Wilson appealed the District Court's decision.[2]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] We exercise plenary review over a district court's decision to grant a motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d

---

[1] During the course of the underlying litigation, Wilson also filed dozens of motions and letters in the District Court making a variety of requests.

[2] On appeal, Wilson has moved for the appointment of counsel and for an extension of time to file a brief and appendix.

[3] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, such an order will be final and appealable if the plaintiff "declares [her] intention to stand on [her] complaint." Id. at 952. Here, Wilson did not file an amended complaint within the time provided by the District Court, and she has repeatedly and expressly indicated her intention to stand on her complaint.

3

77, 84 (3d Cir. 2011). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We agree with the District Court that Wilson's claims cannot survive dismissal. Wilson did not name or identify any individual defendants in her complaint. Rather, her § 1983 claims are against Hillsborough Township, through several of its municipal departments, but Wilson never identified any municipal policy or custom that resulted in her alleged constitutional violations. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690-92 (1978); see also Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) ("When a suit against a municipality is based on § 1983, [a] municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom."). Wilson's vague insistence that defendants' actions were discriminatory is insufficient to state a claim pursuant to § 1983. Accordingly, Wilson's § 1983 claims were properly dismissed.

Wilson's remaining claim was based on her allegations that defendants' actions were racially discriminatory in "providing different housing services or facilities in violation of the [FHA]." See Am. Compl. at 12-13. As relevant here, the FHA prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith,

4

because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Wilson has not explained how defendants' alleged actions fall within the scope of that provision, or any other provision of the FHA. However, even if Wilson could bring a claim under the FHA for defendants' licensing, inspection, and tax assessment decisions, her vague, conclusory speculations that those decisions were made for a discriminatory reason are insufficient to state a claim under the FHA. See Mt. Holly Gardens Citizens in Action, Inc. v. Township of Mount Holly, 658 F.3d 375, 381 (3d Cir. 2011) ("The FHA can be violated by either intentional discrimination or if a practice has a disparate impact on a protected class.").

For these reasons, we will summarily affirm the judgment of the District Court.[4]

---

[4] Additionally, we have thoroughly reviewed the District Court's rulings on Wilson's various motions and letters and can discern no error in its decisions. Finally, we deny Wilson's motion for an extension of time as unnecessary because a briefing schedule was never issued in this matter, and we deny her motion for appointment of counsel, see Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).